AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Aron Isaak MORAZAN-IZAGUIRRE<br><br>*Defendant(s)* | Case No.<br>6:25-mj- 1431 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of April 25, 2025 in the county of Orange in the Middle District of Florida, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal re-entry after deportation. |

This criminal complaint is based on these facts:

See affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Josfer Moinelo, DO, DHS, ICE
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: 4/28/2025

City and state: Orlando, Florida

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

STATE OF FLORIDA                              CASE NO. 6:25-mj- 1431

COUNTY OF ORANGE

## AFFIDAVIT IN SUPPORT OF THE ISSUANCE OF A CRIMINAL COMPLAINT

I, Josfer Moinelo, having been duly sworn, hereby make the following statement in support of the attached criminal complaint:

1. I am a Deportation Officer (DO) with the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Enforcement Removal Operations (ERO), and have been employed with DHS/ICE/ERO for over 18 years. I am currently appointed as the ERO At-Large Unit assigned to Orlando, Florida. My duties include the investigation, arrest, and prosecution of cases involving persons who are illegally residing in the United States in violation of federal law.

2. The information set forth in this affidavit is based on my investigation, information supplied to me by other law enforcement officers and agents, and information contained within various government databases and records. Because this affidavit is submitted for the limited purpose of establishing probable cause to support the issuance of a criminal complaint, I have not included details of all aspects of my investigation. Rather, I have set forth only those facts I believe are necessary to establish probable cause that a violation of federal law has been committed.

3. On or about April 23, 2025, the United States Citizenship and Immigration Services (USCIS), Fraud Detection and National Security Directorate (FDNS) unit completed an investigatory report involving **Aron Isaak MORAZAN-Izaguirre**. FDNS forwarded the report to ICE Orlando for immediate action.

4. According to FDNS, **MORAZAN-Izaguirre** filed an application with USCIS on January 19, 2025, and during that application process **MORAZAN-Izaguirre** submitted his fingerprints. On March 10, 2025, a USCIS liaison request was submitted to the Terrorist Screening Center (TSC) to confirm whether **MORAZAN-Izaguirre** was a positive match for a member of a Transnational Organized Crime (TOC). On April 15, 2025, the TSC liaison confirmed that the fingerprints submitted by **MORAZAN-Izaguirre** during his application process positively matched the fingerprints associated with a DHS Fingerprint Identification Number (FIN) for a TOC member by the name of Aron Isaak Morazan-Izaguirre. FDNS further stated that **MORAZAN-Izaguirre** was identified through an official law enforcement investigation as a member of the 18th Street Gang, which is a violent gang originating from Central America. FDNS classified **MORAZAN-Izaguirre** as an egregious public safety concern.

5. On April 25, 2025, DO Thomas Lentino and Agents/Officers from U.S. Customs and Border Protection (CBP), Bureau of Alcohol, Tabaco, Firearms and Explosives (ATF), Florida Department of Law Enforcement (FDLE) and Florida Highway Patrol conducted an operation to locate **MORAZAN-Izaguirre** at

his last known address at an apartment complex in Orlando, Florida. While conducting surveillance, they observed a male matching the physical description of **MORAZAN-Izaguirre** exit the building and sitting in a common area of the apartment complex. While the male was sitting outside of the building, ICE-ERO DO Lentino and the rest of the Officers/Agents approached him and identified themselves. Once they approached the male, they were able to positively identify him as **MORAZAN-Izaguirre**. **MORAZAN-Izaguirre** was placed under arrest by DO Lentino and transported to the Orlando ICE-ERO office for immigration processing without any incident.

6. That same date, ICE electronically rolled **MORAZAN-Izaguirre**'s fingerprints and submitted them to the Federal Bureau of Investigation Criminal Justice Information Services Division (also referred to as IAFIS). IAFIS analyzed the set of fingerprints and found them to match **MORAZAN-Izaguirre** and his unique FBI number. DO Alexander Rivera forwarded **MORAZAN-Izaguirre's** case to me because it falls under the guidelines of my assigned duties as the At-Large Unit Officer.

7. A review of various databases and ICE records disclosed that **MORAZAN-Izaguirre** has an Alien File Number (A201 685 803), where the following information was learned: **MORAZAN-Izaguirre** was born in Tegucigalpa, Honduras in 1996. He is a citizen of Honduras and not a citizen of the United States. On February 10, 2019, **MORAZAN-Izaguirre** was apprehended by United States

Border Patrol (BP) at San Ysidro, California. On February 13, 2019, **MORAZAN-Izaguirre** was administratively ordered deported/removed from the United States to Honduras by a designated official. **MORAZAN-Izaguirre** was physically removed from the United States to Honduras on April 3, 2019.

8. There is no record of the Attorney General of the United States and/or the U.S. Secretary of the Department of Homeland Security giving **MORAZAN-Izaguirre** the consent to apply for readmission to the United States.

9. Based on the foregoing, there is probable cause to believe that on or about April 25, 2025, **MORAZAN-Izaguirre** was found to be in the United States voluntarily after being previously removed or deported, in violation of 8 U.S.C. § 1326(a).

This concludes my affidavit.

_____
Josfer Moinelo
Deportation Officer
Immigration & Customs Enforcement

Sworn to before me over the telephone or
other reliable electronic means and signed by me
pursuant to Fed. R. Crim. P. 4.1 and 4(d).
This _28_ day of April, 2025.

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

4